# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 16-CR-01-LRR |
| vs. | **ORDER** |
| TAMIE MARIE SAMUELS, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Tamie Marie Samuels's "Motion for Judgment of Acquittal and Conditional Motion for New Trial" ("Motion") (docket no. 40).

## II. RELEVANT PROCEDURAL BACKGROUND

On January 12, 2016, a grand jury returned an Indictment (docket no. 2) charging Defendant with false swearing in an immigration matter in violation of 18 U.S.C. § 1546(a). On May 9, 2016, a jury trial commenced. *See* May 9, 2016 Minute Entry (docket no. 33). Defendant timely moved for a judgment of acquittal at the close of the government's evidence, which comprised the entirety of the evidence at trial. *See id*. The court denied the motion. *See id*. On May 9, 2016, the jury returned a verdict finding Defendant guilty of the crime alleged in the Indictment. *See* Jury Verdict (docket no. 37). On May 17, 2016, Defendant filed the Motion. On May 27, 2016, the government filed a Resistance (docket no. 41). The Motion is fully submitted and ready for decision.

## III. RELEVANT TRIAL EVIDENCE

Viewed in the light most favorable to the verdict, the evidence at trial was as follows. In March of 2015, Defendant completed, signed and filed a Form I-130 ("2015 Form I-130"), Petition for Alien Relative, with the Department of Homeland Security U.S. Citizenship and Immigration Services. *See* Government Exhibit 1 (docket no. 33-2).

Defendant completed the 2015 Form I-130 on behalf of her husband, Randell Samuels. If approved, the petition completed by Defendant would contribute to Randell Samuels's application for permanent resident status. On the 2015 Form I-130, Defendant responded "No" to the question "Have you ever before filed a petition for this or any other alien?" *See id.* at 2. Defendant signed the 2015 Form I-130 underneath a statement that reads, in relevant part: "I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct." *Id.*

Once filed, Defendant's 2015 Form I-130 and other related documents were assigned to Immigration Services Officer Justin Kaleas for review. On June 15, 2015, Officer Kaleas reviewed the 2015 Form I-130 with Defendant during an interview in Des Moines. Randell Samuels was also present at the interview. The purpose of the interview was to review the evidence in support of Randell Samuels's application for permanent resident status and to ensure that the relationship between Randell Samuels and Defendant—as filer of the Form I-130—was legitimate. Such interviews are conducted in a majority of cases involving Form I-130s. During the interview, Officer Kaleas reviewed the 2015 Form I-130 with Defendant. He placed red check marks on the form next to information that Defendant verified and he added or altered information in fields that required updates. *See id.* During the interview, Officer Kaleas and Defendant updated the 2015 Form I-130 in multiple places, including updates reflecting Temistocles Lobaton and Robert Hamin as prior spouses that Defendant did not originally include on the form. There was no update made to Defendant's response that she had not previously filed a petition for another alien.

During the course of a different investigation, Special Agent Christopher Cantrell of the Department of Homeland Security discovered that Defendant had filed a prior Form I-130 despite her statement to the contrary on the 2015 Form I-130. Specifically, Special Agent Cantrell learned that Defendant completed a prior Form I-130 in September of 1997

2

("1997 Form I-130") for her then-husband, Lobaton. *See* Government Exhibit 3 (docket no. 33-4). The 1997 Form I-130 was approved in December of 1997. *See id.* at 1.

On September 11, 2015, Special Agent Cantrell interviewed Defendant about the matter. During the interview, Defendant admitted that she filed the 1997 Form I-130 for Lobaton. Special Agent Cantrell testified that Defendant volunteered the information about previously filing the 1997 Form I-130 in response to questions about her prior marriages and that, at the time of her admission, he had not asked her any questions about Forms I-130. In the interview, Defendant also told Special Agent Cantrell that she had canceled the 1997 Form I-130 after she mailed it to the agency.

According to Officer Kaleas, a Form I-130 is considered "filed" when it has been received by U.S. Citizenship and Immigration Services and the associated fee has been paid or waived by the agency. A petitioner may withdraw or cancel a Form I-130 after submitting a written request to the agency asking that it be withdrawn from consideration. Officer Kaleas testified that a Form I-130 is considered "filed" even if it is subsequently canceled. Officer Kaleas testified that he reviewed the file associated with Defendant's 1997 Form I-130 but he found nothing to indicate that Defendant requested to cancel the petition. Shortly after Defendant signed and mailed the 1997 Form I-130, the Immigration and Naturalization Service requested additional information from Defendant regarding the petition. *See* Government Exhibit 4 (docket no. 33-5). Defendant and/or Lobaton submitted the requested information in November of 1997. *See id.* at 6 (mailing envelope bearing both Defendant and Lobaton's names in the return address field).

Officer Kaleas testified about how a petitioner's response to the Form I-130's question about prior petitions informs the approval process. According to Officer Kaleas, if a petitioner has previously filed a Form I-130 for another alien, he then investigates the prior petition to determine whether it was approved or denied, and on what basis. The additional investigation is necessary to determine if the prior petition involved a fraudulent

relationship between the petitioner and the alien, in which case the instant form would be barred. Officer Kaleas further testified that petitioners exhibiting a pattern of having multiple alien spouses over time may indicate fraud.

## IV. MOTION FOR JUDGMENT OF ACQUITTAL

### A. Legal Standard

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. *See* Fed. R. Crim. P. 29(c). It is well settled that jury verdicts are not lightly overturned. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 890 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The court must view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences. *See United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The court must uphold the jury's verdict so long as a reasonable-minded jury could have found the defendant guilty beyond a reasonable doubt. *Id*. Moreover, the court "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id*. (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). It is not the province of the court to evaluate the credibility of witnesses—that task is for the jury. *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

### B. Analysis

Defendant argues that the court should enter a judgment of acquittal because there was insufficient evidence to support the jury's verdict. Motion at 1. More specifically, Defendant argues that the government presented no evidence that "Defendant actually knew the 1997 I-130 was ever filed with INS, or that it was approved" and that "[t]his lack

4

of evidence coupled with the testimony of [Special] Agent Cantrell that Defendant thought she had cancelled the [1997 Form] I-130" demonstrates that there was insufficient evidence that Defendant "knowingly" made a false statement regarding the filing of prior forms. Brief in Support of the Motion (docket no. 40-1) at 3.

To convict Defendant of false swearing in an immigration matter, the government was required to prove (1) that Defendant made a false statement that she subscribed as true; (2) she knew the statement was false when she subscribed to it; (3) the statement was material to the activities or decisions of the Department of Homeland Security, U.S. Citizenship and Immigration Services; (4) the statement was made under penalty of perjury; and (5) the statement was made on a Form I-130, Petition for Alien Relative, required by immigration laws or regulations. *See* Final Jury Instructions (docket no. 35) at 12; 18 U.S.C. § 1546(a); *see also United States v. Ongaga*, __ F.3d __, __, 2016 WL 1458942, at *8 (5th Cir. Apr. 13, 2016). A false statement is made "knowingly," as required in the second element of the offense, if it is made without ignorance, mistake or accident. *See, e.g.* Final Jury Instructions at 13; *United States v. Dockter*, 58 F.3d 1284, 1288 (8th Cir. 1995).

The court concludes that there was sufficient evidence to sustain Defendant's conviction. Defendant contends that the government failed to present evidence that Defendant knew the 1997 Form I-130 was filed. Brief in Support of Motion at 3. However, that is not the case. The government presented evidence that (1) Defendant completed, signed and submitted the 1997 Form I-130, (2) Defendant received a follow-up request for additional evidence associated with the 1997 Form I-130, (3) Defendant and/or Lobaton submitted the additional evidence requested and (4) Defendant admitted to Special Agent Cantrell that she had filed the 1997 Form I-130. This evidence, viewed in the light most favorable to the guilty verdict, amounts to a strong circumstantial basis for concluding that Defendant knew the 1997 Form I-130 had been filed. *See, e.g.*, *United*

*States v. Armstrong*, 16 F.3d 289, 292 (8th Cir. 1994) (stating that "[t]he essential elements of the charged offense may be proven by circumstantial evidence, and the evidence need not exclude every reasonable hypothesis except guilt" and, "[b]ecause 'knowledge in the mind of another is a subjective thing not always capable of proof by positive or direct evidence,' circumstantial evidence may be relied upon in determining whether the requisite mental condition existed" (quoting *United States v. Castens*, 462 F.2d 391, 393 (8th Cir. 1972)) (internal quotation marks and modifications omitted)).

First, the jury could reasonably conclude from the evidence that Defendant knew her 1997 Form I-130 had been "filed" with the agency. The agency's request for additional information necessarily suggests that it received and preliminarily reviewed the 1997 Form I-130—which is to say, the petition had been "filed." And Defendant's response to the agency's request functions as an acknowledgment that she knew the agency received her petition. Second, despite the fact that "no one testified as to how a petitioner is informed as to the definition of 'filing,'" Brief in Support of Motion at 3, the meaning of "filed" is sufficiently understood as a matter of common knowledge that the jury could reasonably find that Defendant knew she filed the prior petition by submitting it to the agency. *Cf. United States v. Poitra*, 648 F.3d 884, 887 (8th Cir. 2011) ("[I]t is typically not necessary to define a particular term in the jury instructions if the meaning being attributed to that term is a matter of common knowledge."). Third, based on Defendant's admission to Special Agent Cantrell, which occurred shortly after her submission of the 2015 Form I-130, the jury could reasonably conclude that she remembered her previous filing of the 1997 Form I-130 at the time she stated that she had never filed a prior petition. Provided with the government's evidence, a reasonable-minded jury could arrive at each of these conclusions, which sufficiently support a finding that Defendant knew she had previously filed the 1997 Form I-130 at the time she falsely stated otherwise on the 2015 Form I-130.

Defendant points out that Special Agent Cantrell testified that Defendant told him she canceled the 1997 Form I-130. *See* Brief in Support of Motion at 3. However, there was additional evidence that canceling a petition does not affect its status as "filed." And even if cancellation could effectively void a petition's status as "filed," the government presented evidence that there was no indication that Defendant in fact canceled or attempted to cancel the 1997 Form I-130. Absent any record of Defendant's cancellation attempt, the jury was entitled to disbelieve Defendant's statement to Special Agent Cantrell that she canceled the 1997 Form I-130. *See United States v. White*, __ F.3d __, __, 2016 WL 3094182, at *3 (8th Cir. June 2, 2016) (stating that the jury is permitted to "any construction of the evidence" supporting guilt beyond a reasonable doubt). As such, based on the above-mentioned circumstantial evidence regarding Defendant's knowledge, as well as sufficient evidence on the other essential elements of the offense, the court finds that there is sufficient evidence to sustain the jury's guilty verdict. Accordingly, the Motion shall be denied to the extent it seeks a judgment of acquittal.

## V. MOTION FOR NEW TRIAL

### A. Legal Standard

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court is granted broad discretion in considering a motion for a new trial. *See Peters*, 462 F.3d at 957. A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict . . . ." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)). However, the court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'" *Peters*, 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).

A district court enjoys more latitude in granting new trials under Rule 33 than in granting motions for judgment of acquittal under Rule 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored." *Campos*, 306 F.3d at 579. District courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). The court's standard of review for a motion for new trial differs from the standard that is applied to a motion for judgment of acquittal.

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Lincoln*, 630 F.2d at 1319; *see also United States v. Johnson*, 474 F.3d 1044, 1050-51 (8th Cir. 2007) (reiterating applicable standard).

## B. Analysis

Defendant provides no additional argument for why the court should grant a new trial, but instead relies on the sufficiency-of-the-evidence argument addressed above. *See* Brief in Support of Motion at 5. The court has concluded that the government presented sufficient evidence at trial, and further concludes that the evidence did not "preponderate[] sufficiently heavily against the verdict" to warrant a new trial. *Lincoln*, 630 F.2d at 1319. No miscarriage of justice occurred. Accordingly, the court shall deny the Motion to the extent it seeks a new trial.

## VI.  CONCLUSION

In light of the foregoing, the Motion (docket no. 40) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 14th day of June, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA